In the Matter of the Application of THE PEOPLE OF THE STATE OF NEW YORK, by GEORGE S. VAN SCHAICK, as Superintendent of Insurance of the State of New York, for an Order to Take Possession of the Property and Rehabilitate the GLOBE AND RUTGERS FIRE INSURANCE COMPANY.*

Supreme Court, New York County, August 9, 1933.

* See, also, 148 Misc. 497, 501.

*Basil O'Connor* [*John C. Farber, Saul J. Lance, William F. Snyder* and *Maurice Mound* of counsel], for Superintendent of Insurance in charge of Globe and Rutgers Fire Insurance Company in rehabilitation.

*Root, Clark & Buckner* [*Elihu Root, Jr., Wilkie Bushby* and *Donald Cruse* of counsel], and *Robert Kelly Prentice,* for Globe and Rutgers Fire Insurance Company.

*Barker, Perrigo & Bonynge* [*Wendell P. Barker* of counsel], for the Mutual Fire, Marine and Inland Insurance Company, as a creditor.

*Martin Conboy* [*Martin Conboy* and *David Asch* of counsel], for the committee representing certain creditors of the Globe and Rutgers Fire Insurance Company.

*Milbank, Tweed, Hope & Webb* [*William Dean Embree* and *Eugene H. Southall* of counsel], for the Chase National Bank and others.

*Coudert Brothers* [*Frederick R. Coudert, Jr.,* and *George S. Montgomery, Jr.,* of counsel], for certain stockholders.

*Davis, Polk, Wardwell, Gardiner & Reed,* for the Rossia Insurance Company and the Metropolitan Fire Reassurance Company.

*Harold S. Deming,* for Marsh & McLennon.

FRANKENTHALER, J.   This is a motion by the Superintendent of Insurance for permission to sell, or otherwise dispose of, stocks, bonds and other securities of Globe and Rutgers Fire Insurance Company to such extent as may be necessary to realize an amount of cash sufficient, together with the cash now possessed by the company, to pay in full the claims of its creditors.  The moving affidavit of Deputy Superintendent of Insurance Brennan states that securities of a market value of not less than ten million dollars should be sold.  Section 421 of the Insurance Law permits the Superintendent to sell or otherwise dispose of property of an insurer against which a rehabilitation or liquidation proceeding has been brought "subject to the approval of the court."  As pointed out in the memorandum filed by the court (148 Misc. 497) in disposing of a companion motion to terminate the rehabilitation proceeding, decided simultaneously herewith, a number of previous appli-

cations of the Superintendent for permission to sell securities of the company have been granted. Said memorandum indicates that it is the court's opinion that the speculative and inferior securities held by the company should be liquidated under the supervision of the Superintendent of Insurance in an amount sufficient to cover the claims of creditors, and the proceeds partly retained in cash and partly invested in high-grade conservative securities. The court believes, however, that this liquidation should be carried out in the manner in which it has been conducted up to now, namely, by applications from time to time for orders permitting the sale of limited quantities of securities. In this manner it will be possible for the court to take cognizance of changing market conditions which may conceivably affect the propriety of continuing the sale of securities. The interests of policyholders and creditors would not be adversely affected since the Superintendent himself contemplates that the sales of securities will be made only in such amounts as it is estimated the market can absorb without a material break in prices and will, therefore, take a considerable length of time. The present notice of motion is too broad in asking the court to sanction at one time and in advance the sale by the Superintendent of such amount of securities as would pay all the creditors in full. To grant such an order would be almost equivalent to liquidating the company. The motion is accordingly denied, but without prejudice to further applications by the Superintendent of Insurance from time to time for permission to sell or otherwise dispose of securities belonging to the company in limited amounts.